35 C.C.P.A. (Patents)
### Application of BRONSON et al.
### Patent Appeal No. 5331.

Court of Customs and Patent Appeals.

June 1, 1948.

Kwis, Hudson, Boughton & Williams, of Cleveland, Ohio (Lee L. Townshend, of Washington, D. C., and A. J. Hudson and W. D. David, both of Cleveland, Ohio, of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (J. Schimmel, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the final rejection by the Primary Examiner of five claims of appellants' application for a patent, serial No. 471,694, filed January 8, 1943, for a "Method of and Apparatus for Waving Hair." Method claims 3 and 8 were rejected as unpatentable over the prior art. The other claims involved in this appeal, claims 20, 21, and 22, which are in apparatus form, were rejected as not readable upon the elected species. Five method claims and three apparatus claims have been allowed.

Appellants' application relates to and describes a method of and an apparatus for waving hair in the form of the well known "permanent wave." Strands of

hair to be curled are wound upon a curler and treated with a suitable waving solution either before or after the said winding. The hair thus wound is then enclosed by a heat-insulated housing within which is a resistance heater, or an induction coil may be outside the housing. Sufficient heat is said to be generated by either of those means within from about five to about thirty seconds to convert the water of the waving solution into steam. The waving operation is completed by means of the residual heat retained in the heating element and the housing in from four to ten minutes after the application of heat has been stopped.

Claims 3 and 8 read as follows:

"3. The method of permanently waving hair which comprises winding and tensioning a strand of hair on a curler, enclosing the wound strand and a waving solution in an enclosure, and electrically supplying a sufficient charge of heat to the assembly within a brief interval of time not exceeding thirty seconds to convert the solution into steam and to complete the waving of the strand."

"8. The method of waving hair which comprises enclosing a wound and tensioned strand of hair, a waving solution and a heating element adapted to be electrically heated in a heat-insulated steam-retaining enclosure to form an assembly capable of storing sufficient heat to maintain the solution in the form of steam for a long enough period to complete the permanent waving of said strand, and introducing into said assembly the heat necessary to complete the permanent waving by electrically supplying heat-producing energy to said heating element for a period not to exceed thirty seconds."

Claim 20 is representative of the apparatus claims, and reads as follows:

"20. In hair waving apparatus, a plurality of cooperating non-metallic members adapted to form an enclosure for a wound strand of hair, a metallic heating element in said enclosure, a wire coil adapted to be temporarily brought into surrounding relation to said enclosure, and means for supplying high-frequency current to said coil for inductively heating said heating element."

The references relied upon in the rejection of claims 3 and 8 are

Slavick, 1,939,323, December 12, 1933.
Freudenberg et al., Reissue 21,994. January 6, 1942.

The Slavick patent relates to a method and a device for waving hair. In the method of the patent, a waving solution is applied to a strand of hair which is then wound tightly upon a curler. Then the strand thus wound is placed in a casing in which there is a resistance heating element spaced from the curler upon which the hair has been wound. Electrical current is then turned on and the solution converted to steam, the temperature of the hair being raised to about 250° F. The heat treatment is continued for from four to seven minutes.

In the Freudenberg et al. patent a method is disclosed wherein strands of hair are wound upon a mandrel or curler, and when thus wound, enclosed in a pad wet with a waving solution. The moistened pad is backed by metal foil to which pre-heated clamps are applied to impart heat to the pad. The clamp has been heated to such a high degree that when it is applied, the waving solution reaches a steaming temperature in about twenty seconds. The clamp remains in position from one to three minutes. It is then removed and the hair allowed to cool.

Both of the tribunals below rejected claims 3 and 8 as unpatentable over the Slavick patent in view of the Freudenberg et al. reference. With respect to claims 20 to 22 inclusive, the board stated in its decision that even though a generic method claim, such as claim 2, had been allowed no generic apparatus claim had been allowed, and, therefore, the board rejected those claims as being drawn to a non-elected species.

It is stated by counsel for appellants in their brief that it is not broadly new to apply heat electrically to the wound strand or hair, nor is it broadly new to subject such strand to steaming during the waving operation.

Claims 3 and 8 depend for novelty and patentability, as stated in the brief of appellants, upon "electrically supplying a

sufficient charge of heat to the assembly within a brief interval of time not exceeding thirty seconds to convert the solution into steam and to complete the waving of the strand." It may be noted that that quotation is the last step defined in those claims, although set out in somewhat different language in claim 8.

It may be quite true, as contended by appellants, that according to the quoted language the entire charge. of heat occupies only a thirty seconds interval, after which no additional heat is supplied to the assembly, and that the waving operation is completed by the initial heat upon the same principle as that which obtains in a "fireless cooker." It may be noted, however, as was pointed out in the decision of the board, that those claims call merely for electrically supplying heat for an interval not exceeding thirty seconds, but the wording of those claims does not include the step of continuing the waving operation after the heating current has been interrupted.

The position of the board was that the operation recited in those claims does not require that the heating current be disconnected from the heating element after the initial conversion of the waving solution into steam. We agree with that reasoning because, in our opinion, the wording of claims 3 and 8 does not positively and unequivocally limit the claims to what is the essence of appellants' contribution to the art. That contribution is the concept of disconnecting the supply of current after its brief flow in order to limit discomfort to the customer by reason of being forced to remain "connected up" to a permanent waving machine.

It appears to us that the language of those claims is broad enough to indicate that the electric current is utilized to quickly convert the water into steam and is thereafter used to complete the waving of the hair. When so considered, the claims do not distinguish over the references. The method disclosed in the Freudenberg et al. patent is that a steaming temperature is reached within twenty or thirty seconds after the application of the pre-heated clamps. In the method of the Slavick patent, the water of the waving solution is converted into steam by means of the resistance heater. Therefore, it would seem that to apply sufficient energy to the resistance element of the Slavick device to produce steam within twenty seconds, as is taught by the Freudenberg et al. patent, would be within the skill of the art and, therefore, non-inventive.

With respect to claims 20 to 22 inclusive, appellants contend that because a generic method claim 2 and a specific method claim 9 have been allowed that the rejection of claims 20 to 22 inclusive is improper. It is argued that because the method of allowed claim 9 is performed by means of apparatus, such as defined in claims 20 to 22 inclusive, that those apparatus claims are directed to the same subject matter of invention as claim 9, and, therefore, should be retained in the same application. We can not agree . with such contention. It was said in the decision of the board that generic and specific method claims were allowed for the reason that they recited that the waving operation is continued after the heat producing energy supply has been interrupted. That interruption is the patentable limitation contained in those claims. The rejected apparatus claims contain no such limitation, and, therefore, it can not be said that they are directed to the same inventive subject matter as allowed method claims 2 and 9. Furthermore, we are in agreement with the argument of the solicitor, that in patent law it is axiomatic if claims are to be considered as being in the same genus and species relationship, they must fall into the same statutory class, and that a genus claim must be for the same combination of elements as the species' claims, and define broadly the elements or steps which are variants in the several species. A generic claim should include no material element in addition to those recited in the species claim, and must comprehend the organization covered in each of the species claims. Clearly the apparatus claims of appellants can not be considered to be species of any method claims, because the invention defined by the claims are in different statutory classes. Each method claim here-

in includes the limitation of "discontinuing" the energy applied to the heating element, and no such limitation appears in the apparatus. Therefore, it is not possible to designate the apparatus claims as species of any allowed method claim.

For the reasons hereinbefore set out, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.

35 C.C.P.A.(Patents)
### APPLICATION OF LANE.
### Patent Appeal No. 5478.

Court of Customs and Patent Appeals.
June 1, 1948.

David Rines, of Boston, Mass., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

